FILED

FEB 13 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

William H. Tankersley, #01430-027 )
    Petitioner )
FPC Pensacola )
110 Raby Avenue )
  vs Pensacola, FL 32509 )
     )
     )
Harvey G. Lappin, Director )
    Respondent )
Federal Bureau of Prisons )
Washington, DC )

CASE NUMBER  1:07CV00342

JUDGE: Unassigned

DECK TYPE: Pro se General Civil

DATE STAMP: 02/13/2007

### PETITION FOR WRIT OF MANDAMUS

#### I.
#### AUTHORITY OF THE COURT

This Honorable Court has jurisdiction to issue a Writ of Mandamus to compel a Federal agency to comply with its own regulations. Jurisdiction is invoked in this proceeding pursuant to 28 USC §1651, §1361, and Fed. R. Civ. 81(b).

#### II.
#### BACKGROUND OF CASE

January 15, 1998, (cause 2:98-CV-12-JM) the Federal Trade Commission files civil action against several companies and Tankersley.

November 18, 1999, (cause 2:99-CR-188-RL, Northern District of Indiana) Tankersley was indicted with 1-2 counts of Criminal Contempt.

October 18, 2000, (cause 2:98-CV-12-JM, Northern District of Indiana) the Court grants summary judgment against Tankersley in favor of the FTC and orders him to provide the receiver with certain property and information.

December 18, 2000, (cause 2:99-CR-181) Tankersley enters guilty plea.

February 9, 2001, (cause 2:00-CV-12-JM) the Court holds Tankersley in civil contempt and orders him imprisoned, despite his assertion of Fifth Amendment rights, until he purges himself.

July 19, 2001, (cause 2:01-CR-122-AS, Northern District of Indiana) Tankersley charged with 60 count indictment.

July 3, 2003, (cause 2:29-CV-12) Tankersley files MOTION TO VACATE CIVIL CONTEMPT ORDER.

October 8, 2003, (cause 2:29-CV-12) the Court vacated the Civil Contempt Order and Tankersley began serving the sentence imposed under 2:99-CR-181.

June 15, 2005, Tankersley completes serving the sentence imposed under 2:99-CR-181.

October 21, 2005, (cause 2:01-CR-122-AS) Tankersley sentenced to 57 months pursuant to plea agreement submitted in case. Judge declines to hear §5G1.3 motion.

December 9, 2006, Tankersley seeks sentencing credit based on 18 USC 3585 and BOP PS 2880.28 for the entirely vacated Civil Contempt Order through the Administrative Remedy Proceedure.

January, 2006, Tankersley files Mandamus action to compel the Bureau of Prisons to comply with its own regulations.

III.

ARGUMENT IN SUPPORT

This action is brought to compel an agency (Bureau of Prisons) to perform a duty owed to the petitioner. The petitioner asks the Court to compel a Federal agency (BOP) to follow the unambiguous language of 18 USC 3585(b) and to follow its own Policy Statement 5880.28 on the subject of sentencing credits. This is not an issue of an administrating agency's construction of a statute.

"Mandamus jurisdiction in federal courts is codified at 28 USC §1361, which provides that '(t)he district court shall have original jurisdiction of any action in the nature of mandamus to compel...any agency there of to perform a duty owed to the plaintiff.' A writ of mandamus is an extraordinary remedy...(when)...the defendant owes the plaintiff a clear nondiscretionary duty." Willis v. Sullivan, 931 F.2d 390 (6th Cir. 1991). A prisoner who alleges a cause of action under the Mandamus Act need only rely upon a right of action under any other statute (In the instant case, §3585 and BOP PS 2880.28). Socer v. Scott, 942 F.2d 597 (9th Cir. 1991).

Your petitioner relies on the findings of Workman v. Mitchell, (1974 CA9 WASH) 502 F.2d 1201, 19 FR Serv 2d 1299, in which it was held that the District Court had

jurisdiction under 28 USC §1361 to require the Attorney General of the United States, the Director of the Bureau of Prisons, and warden of the federal penitentiary to perform ministerial duty of complying with their own regulations. Also see Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 34, 101 S.Ct. 188, 189, 66 L.Ed.2d 193 (1980). Your petitioner will establish that he has a clear right to relief from BOP PS 2880.28 as mandated by §3585(b), and there is no adequate alternative means of remedy. Council of the Blind v. Regan, 709 F.2d 1521, 1533 (D.C. Cir. 1983). The act of investigating your petitioner's request for sentencing credit is a ministerial act commanded in his Sentencing Order at page 17 where the sentencing Judge  mandates that "The Defendant shall receive jail credit for time served since his incarceration on this offence, as caculated by the Bureau of Prisons." (Exhibit 1). Additionally, §3585 and the BOP's own policy statement on the subject mandate a clear duty to act. Pittston Coal Group v. Sebben, 488 U.S. 105, 121, 109 S.Ct. 414, 423, 102 LEd.2d 408 (1988); see Esquire, Inc. v. Ringer, 591 F.2d 796, 806 n.28 (D.C. Cir 1978); Whittle v. Moschella, 756 F. Supp. 589, 596 (D.D.C. 1991).

In Gomez-Peralta v. U.S., 294 F. Supp. 2d 521 (S.D.N.Y. 2003), a federal prisoner sought aid of mandamus to compel his re-sentencing based on an alleged error in failing to credit him with time served. As was quoted from §3583(b), "A defendant shall be given  credit towards the term of imprisonment for the time he has spent in official detention prior to the date the sentence commences...that has not been credited against another sentence." Id. at 522. Interpreting 18 USC 3583(b), the Supreme Court held that the Attorney General through the BOP is authorized to compute sentencing credit awards after sentencing. United States v. Wilson, 503 U.S. 329, 333-35, 112 S.Ct. 1351, 1354, 117 LEd.2d 593 (1992). This duty was delegated to the BOP pursuant to 28 C.F.R. §0.96; United States v. Harris, 931 F.2d 761, 763-64 (11th Cir. 1991), 503 U.S. 972, 112 S.Ct.1588, 118 LEd.2d 306 (1992).

Clearly aware of their mandate, the BOP issued Program Statement 5880.28, as an internal guideline. Indeed, because Congressional purpose was clear on the instant issue (sentencing credit related to 18 USC §3585(b)), the BOP was required to follow the line of cases coming down from Chevron U.S.A. Inc. V. Natural Resources Defense Council, Inc., 467 U.S. 837, 843n. 9, 104 S.Ct. 2778, 2781n 9, 81 LEd.2d 694 (1984) which states administrative agencies "must give effect to the unambiguously expressed intent of Congress." Chevron, 467 U.S. at 842-43, 104 S. Ct. at 2781. To the extent that there is ambiguity in the congressional intent in section 3585(b), the United States Department of Justice through the BOP, which administers or computes sentencing credits, has resolved this ambiguity in its following Program Statement on sentencing computation issued by the Justice Department and applicable when your petitioner was sentenced:

> "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence;
>
> that has not been credited against another sentence."

Federal BOP Program Statement No. 5880.28, pages 1-14 (July 29, 1994). The above statement on prior custody credit is again restated at BOP PS 2880.28 page 1-21 (July 29, 1994). (Exhibit 2).

The use of vacated sentences for sentencing credit is also a matter of policy, and we are fortunate in having a policy statement by the Bureau of Prisons which opins unequivocally this is acceptable. Thus, at the time pertinent to your petitioner's sentence, the BOP, as the administrating agency, specifically had determined that vacated sentences were creditable toward the SRA sentence, provided it was time spent in detention after the commission of the offense for which the

sentence was imposed, and has not been credited against another sentence. See

BOP PS 2880.28 page 1-17 to 19 (February 21, 1992) and pages 1-22c to 23 (July 29,

1994). (Exhibit 3).

## IV.

### REQUESTED RELIEF

⁊ꞏꞏ  Your petitioner seeks specific performance of the rigidly literal approach

in the construction of language contained in 18 USC §3585(b) and the BOP's

Policy Statement 5880.28 for sentencing credits. We ask the Court to compel a

federal agency (Federal Bureau of Prisons) to follow its own internal policy

statement, and apply the policy statement to your petitioner; ie, compute

sentencing credit awards/time for time spent in official detention **not credited

to another sentence.**

Respectfully submitted; pro se
this 25th day of January, 2007

William H. Tankersley

## VERIFICATION

I hereby swear under penality of perjury persuant to 28 USC §1746(2) that the statements made by me in the foregoing are true to the best of my knowledge and belief. And, I certify that this document was given to prison officials on this date for forwarding to the United States District Court, for the District of Columbia.

Respectfully submitted this 25th day of January, 2007

William H. Tankersley
01430-027
FPC Pensacola
110 Raby Ave.
Pensacola, FL   32509

Respondent

Harvey G. Lappin, Director
Federal Bureau of Prisons
320 First St.  N.W.
Washington, DC      20534

6.

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **2:01 CR 122** |
| | ) | |
| WILLIAM HAROLD TANKERSLEY | ) | |

PETITIONER'S
EXHIBIT
ALL-STATE LEGAL®
1

## SENTENCING MEMORANDUM

### I. Procedural History

The Defendant, **WILLIAM HAROLD TANKERSLEY**, was charged in Counts One (1) through Sixty (60) of a 60-count Indictment returned by a grand jury in this district on July 19, 2001. Defendant pled guilty to Counts 1, 18, 55, and 59 of the Indictment on February 25, 2005. Count 1 charges the Defendant with a violation of 18 U.S.C. § 371, Conspiracy to Defraud the United States. Count 18 charges the Defendant with a violation of 18 U.S.C. § 1341, Mail Fraud. Count 55 charges the Defendant with a violation of 18 U.S.C. § 1957, Money Laundering. Count 59 charges the Defendant with a violation of 26 U.S.C. § 7206(1), Filing False Tax Returns.

On October 11, 2005, the Defendant filed an extensive sentencing memorandum objecting to several portions of the presentence report as submitted to this Court by the probation officer assigned to this case. The bulk of the objections center around the issue of which version of the U.S. Sentencing Guidelines apply to this case. The other objections raised by the defendant have their foundation in this main objection.

While this case is not one in which the Defendant is seeking to withdraw his guilty plea, it is one dealing with the weight given to the plea agreement. Of particular

07 0342

FILED

FEB 13 2007



NANCY MAYER WHITTINGTON, CLERK

shall include the fifteen (15) standard conditions as listed under U.S.S.G. § 5D1.3(c), as well as the additional conditions listed on page 42 of the presentence report.

This sentence is to commence immediately, and the Defendant is remanded to the custody of the United States Marshal. The Defendant shall receive jail credit time for time served since his incarceration on this offense, as calculated by the Bureau of Prisons. The Court finds that this sentence sufficiently punishes this Defendant for his criminal conduct and therefore satisfies the purposes of sentencing as set forth in 18 U.S.C. § 3553(a).

### VIII.  Fines, Restitution, Fees

Based on this Defendant's financial information, the Court imposes no fine. The Court must and does assess a special assessment fee of $100.00 on each count, for a total special assessment of $400.00.

. Restitution is mandatory in this case under the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, which requires the Court to order restitution without consideration of the Defendant's economic circumstances. *Id.* The Mandatory Victims Restitution Act makes "restitution mandatory for certain crimes, including wire fraud; the previous statute gave courts discretion and required consideration of the financial resources of the defendant." *United States v. Baldwin*, Slip Op. No. 03-3721 (7th Cir. July 12, 2005). Restitution is an equitable device used to restore victims to their condition prior to when the crime took place rather than a criminal sanction. *Id.* This Court can order the restitution to be paid in full immediately upon sentencing. Alternatively, in *United States*

17

*v. Cook*, Slip Op. No. 04-1923 (7th Cir. April 29, 2005), the Seventh Circuit stated that

court can order restitution be paid as a condition of supervised release, meaning that the

defendant does not have to pay it until he is released from prison.   Therefore, the Court

orders the Defendant to pay restitution in the amount outstanding of $19,000,000 as a

condition of his supervised release.  The Defendant shall pay a minimum monthly

payment of $527,777.00 for 36 months while on supervised release.  Payments must be

forwarded to the United States District Court Clerk's Office at 204 South Main Street,

South Bend, Indiana, 46601, for payment to the victims.

    The clerk shall prepare judgment.  The clerk shall also provide a copy of this

Sentencing Memorandum to the United States Probation Department for forwarding to

the United States Sentencing Commission.

**IT IS SO ORDERED**.

**DATED: October 21   , 2005**

_____**S/ ALLEN SHARP**_____
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**

18



PETITIONER'S
EXHIBIT
2
ALL-STATE LEGAL

P.S. 5880.28
Page 1 - 14
CN-02, July 29 1994

c.  **Prior Custody Time Credit.**  The SRA includes a new statutory provision, 18 U.S.C. § 3585(b), that pertains to "credit for prior custody" <u>and is controlling for making time credit determinations for sentences imposed under the SRA</u>.  Title 18 U.S.C. § 3568, as implemented by Program Statement 5880.24, <u>Sentence Computation, Jail Time Credit Under 18 U.S.C. § 3568</u>, was repealed effective November 1, 1987, but remains the controlling statute for all sentences imposed for offenses that occurred on or after September 20, 1966 up to November 1, 1987.

<u>Statutory Authority</u>:  Prior custody time credit is controlled by 18 U.S.C. § 3585(b), and states,

> **"A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--**
>
> > **(1) as a result of the offense for which the sentence was imposed; or**
> >
> > **(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence;**
>
> that has not been credited against another sentence."

<u>Definitions</u>:

**Date of offense:**

> (1)  **The date of offense for a new conviction**  is the date on which the criminal act takes place, or the date on which the ongoing criminal activity ends, as charged in a single count.  In a multiple count judgment and commitment, the earliest

FILED

FEB 1 3 2007

NANCY MAYER WHITTINGTON, CLERK

PETITIONER'S
EXHIBIT
3

5880.28
Page 1 - 17
February 21, 1992



In this example, the time spent in official
detention is the direct result of the federal
offense, and the state has merely borrowed the
prisoner on writ and imposed sentence.  All
time spent in custody must be applied to the
federal computation, regardless of any action
taken by the state.

Example: 1

    **2**  Credit will not be given for any portion of time
spent serving another sentence regardless of whether the sentence
is federal, state, or foreign.  The following exception applies:

    **a**  Time spent serving another foreign or state
sentence that is vacated may be creditable as prior custody time
credit provided the sentence was not vacated merely for
resentencing.  Any such time which is credited must be time spent
after the commission of the federal offense.  If a vacated state or
foreign sentence results in a re-trial and subsequent resentencing,
any credit applied to that resentencing must be removed from the

07 0342



FILED
FEB 1 3 2007

federal sentence computation, provided the inmate has not yet been released from that sentence.

    **b**  Time spent serving another federal, foreign or state sentence that is vacated merely for resentencing shall not have any effect on the SRA sentence computation until such time as the inmate is resentenced. If the resentencing results in a term which is less than the time the inmate has already served on the vacated sentence, the excess time not now credited to any other sentence shall be credited to the SRA term provided it was time spent after the commission of the federal offense.

    **3**  If an SRA term is vacated solely for the purposes of a resentencing, then the date the sentence begins will be the same as the original computation. If a vacated sentence results in a re-trial and subsequent resentencing, the date sentence will begin is based on the final judgement, and any previous creditable time shall be applied as prior custody credits (see Example: 2).

5880.28
Page 1 - 19
February 21, 1992



In this example, all time spent prior to the date the new term began is credited as "prior custody credit".

Example: 2

<u>4</u>  **Prior** Custody Credits for <u>consecutive</u> sentences imposed on separate indictments, which include "old law" and SRA sentences, will be evaluated based on the merits relative to the individual sentences and their corresponding statutory provisions for credits.  Any credit towards satisfaction of the "old law" sentence is controlled by Program Statement 5880.24, <u>Sentence Computation, Jail Time Credit Under 18 USC § 3568</u> (see Example: 3).



Period from SRA arrest to first bond release must be credited on SRA sentence only.  "Old law" presentence custody will be applied to the "old law" comp.  SRA term begins on the date of release from the "old law" sentence.

Example: 3

P.S. 5880.28
Page 1 - 22C
CN-02, July 29 1994

**Qualified** state presentence time is that period of time spent in state presentence custody after commission of the federal offense and prior to the commencement of the federal sentence that does not overlap any federal prior custody time.

<u>f</u>    The state sentence is vacated with further prosecution deferred, thereby effectively vacating the non-federal credit (See Example:  6).



While serving a state sentence, the state conviction is
vacated.  All time spent in state custody is credited
to SRA term, which begins on the date received, in
accordance with 18 USC § 3585(a).

Example: 6

g    Ordinarily, if a state
sentence is imposed, either before or after the time that the
federal sentence commences, it is presumed that the state has
awarded, or will award, presentence time off the state sentence
for time spent in state custody in connection with the state
offense and ISM staff need make no further inquiry about it
unless the inmate claims that no state credit was, or will be,
given.  In such a case, ISM staff shall follow the instructions
in subparagraphs c.(2), (a) and (c).                              *